# EXHIBIT B

IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT, IN AND
FOR VOLUSIA COUNTY, FLORIDA

IN Re: ESTATE OF:

ADDISON WOOLLEN McNAIRY,
    Deceased
_____/

DENNIS LEE GORDEN,
    Petitioner,

v.

STEVEN CHAUNCY,
    Respondent.
_____/

STEVEN CHAUNCY,
    Petitioner,

v.

Unknown Heirs of Addison Woollen McNairy,
Deceased and Dennis Lee Gorden,
    Respondents.
_____/

Case No: 2018 11957 PRDL
Division: 10

## ORDER DENYING PETITION FOR ESTABLISHMENT AND PROBATE OF LOST OR DESTROYED WILL AND APPOINTMENT OF PERSONAL REPRESENTATIVE FILED BY STEVEN CHAUNCY AND GRANTING PETITION FOR ADMINSTRATION FILED BY DENNIS LEE GORDEN

An initial Petition for Administration was filed on September 6, 2018 by Steven Chauncy seeking to probate a will dated May 4, 2007 (#1); that petition was subsequently amended to an adversary proceeding entitled Amended Petition for Establishment and Probate of Lost or Destroyed Will and Appointment of Personal Representative on December 21, 2018 (#36). Dennis Lee Gorden filed an adversary proceeding by means of a Petition for Administration filed on September 18, 2019 seeking to probate a later will dated July 6, 2018 (#10). These and other various pleadings raised the issue as to the validity of the May 4, 2007 will and placed the

question of improper execution at issue. The author of that will, attorney D. Michael Clower, filed a proof of will in order to satisfy Florida Statute §733.207 and establish that lost will. Dennis Lee Gorden raised the issue that the will was not executed with the formalities required by Florida Statute §732.502 because the testator was not present when the two witnesses signed the will. As a probate court should not admit a will to probate that has been improperly executed, an evidentiary hearing was held on May 23, 2019 to determine the validity of the execution of the May 4, 2007 will and, therefrom, that will's validity and ability to be admitted to probate.

Although petitioner Steven Chauncy testified at that hearing, he was not able to testify to the facts of the execution of the May 4, 2007 will. Mr. Chauncy is a beneficiary under the May 4, 2007 will, but not the latter July 6, 2018 will. The two witnesses who did testify on the issue of the execution of the May 4, 2007 will were attorney D. Michael Clower and Michael C. Main, a witness to that will.

Mr. Clower testified as to his general practice as an attorney and his significant estate planning experience. He testified that he "always" has the testator and the two witnesses in the same place when it is executed and then notarizes those signatures. Mr. Clower testified that he had prepared the May 4, 2007 will for Addison Woollen McNairy, someone he knew personally. Once it was completed, he took the will to the Halifax River Yacht Club to look for Mr. McNairy to sign it. He testified that he found him at the bar, along with two other individuals known to him – Michael C. Main and Robert Weber - and they all signed the will in the presence of each other. Although Mr. Clower did testify that he was "absolutely positive that all three men were present" at the time of execution, he was not able to provide details of that signing – where they

sat, who else was present in the room, and whether another known estate planning document (a Power of Attorney) was signed at that same time.

On the other hand, Michael C. Main, one of the witnesses to the will, was very clear about the details of the execution of the will. He remembers that he and the other witness, Robert Weber, were sitting at the bar when Mr. Clower approached each of them and asked if they would "sign a document for Mac." Mr. Main knew that Mr. Clower was an attorney and assumed it would be acceptable to do as he asked for someone they all knew. Mr. Main was adamant that he did not see Mr. McNairy that day and certainly not at the time of signing of the will. Mr. Main did sign as a witness to the will without reading it and, therefore, did so without the knowledge that he was declaring the Testator signed the will in the witnesses' joint presence.

Although the court finds both Mr. Clower and Mr. Main credible in their respective recollections of that event, the court finds Mr. Main's testimony provides more detail about the actual execution of the will. The court can understand how an attorney such as Mr. Clower, who does 50 or more wills a year, may not remember all the details of each will execution. However, the court is not comfortable relying on the validity of a will based upon his routine practice, especially in light of the specific details provided by Mr. Main. The greater weight of the evidence leads this court to believe that short cuts were taken, likely due to familiarity with the individuals involved, and that the testator and the witnesses were not in the presence of each other when each signed the May 4, 2007 will.

The court took each party's allegations of bias against the testimony of Mr. Clower, suggested by counsel for Mr. Gordon, and that of Mr. Main, suggested by counsel for Mr. Chauncy, into consideration. The court is mindful of the reasons that each man could have a reason to testify the way each did. However, only inferences were advocated as a basis for a

finding of bias; no evidence was submitted to support the respective allegations of bias. The court will not rule based upon supposition to exclude a witness' testimony. Even if the inferences of bias were sufficient to do so, they would cancel each other out and leave the court with the greater weight of the evidence analysis upon which this decision rests.

Therefore, it is **ORDERED** and **ADJUDGED** that the Amended Petition for Establishment and Probate of Lost or Destroyed Will and Appointment of Personal Representative filed by Steven Chauncy is DENIED and the Petition for Administration filed by Dennis Lee Gorden is GRANTED. Counsel for Dennis Lee Gorden is directed to submit an Order Admitting the July 6, 2018 will and appointing Dennis Lee Gorden as Personal Representative, as well as Letters of Administration, within 15 days of the date of this order.

**DONE** and **ORDERED** in chambers, Volusia County, FL, on this _.

7/5/2019, 2:34 PM 2018 11957
PRDL

e-Signed 7/5/2019 2:34 PM 2018 11957 PRDL

Circuit Judge