UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES STEVEN CHAUNCY,        CASE NO.: 6:21-cv-00158-Orl-78EJK

        Plaintiff

v.

MICHAEL CHARLES MAIN

        Defendant.

_____/

**DEFENDANT MICHAEL MAIN'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE UNDER FED. R. CIV. P 12(b) (6) OR, IN THE ALTERNATIVE, UNDER FED. R. CIV. P 12 (d) TO TREAT THIS MOTION AS A FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW.**

Defendant, Michael Main (**MAIN**), by and through his undersigned counsel files this

motion in response to the complaint and states:

| SUMMARY OF ARGUMENT |
|---|
| In essence, this is the pro se Plaintiff's concealed attempt at a second bite of the apple under Fla. R. Civ. P 1.540(b) and Fla. R. Civ. P 1.530 which he already filed and listed in the State Circuit Court in a probate dispute. He is filing this suit essentially to overturn the State Circuit Court Judge's decision and to avoid attorney fee provisions under Fla. Stat. §§733.106(1), 733.106(2), 733.106(3) and 733.106(4) if he would have continued to pursue these matters on appeal. The Plaintiff voluntarily dismissed his 5th DCA appeal regarding the trial Court's rulings which essentially was a will contest dispute in probate court. Instead, the Plaintiff now wants this District Court to substitute for the 5th DCA. The Defendant contends that this suit is barred under the doctrines of Collateral Estoppel and Res Judicata and requests a dismissal with prejudice from this honorable Court either under Fed. R. Civ. P. 12 (b) (6) or 12(d) as a Rule 56 Motion. |

No amount of discovery will save the Plaintiff, Charles Chauncy (**CHAUNCY),** from the

facts and legal arguments advanced in this Motion as this dispute was fully litigated in the State

Circuit Court Case #2018 11957 PRDL including an appeal to the 5th DCA Case # 5D19-2507.

The 5th DCA appeal was voluntarily dismissed by **CHAUNCY**. These matters are documented in

the Public Record. The Defendant requests that this honorable Court take Judicial Notice under Fed. R. Ev. 201 of the record filings in both the State 7th Circuit Court and 5th DCA cases referenced above. This State Circuit Court in the probate matter below sat as the trier of fact.

Defendant **MAIN's** basis for dismissal of this case is that the doctrines of Collateral Estoppel and Res Judicata bar this lawsuit. **CHAUNCY** is pro se.

### Documents attached to the Complaint

1. Exh. A- The Last Will and Testament of Addison McNairy dated May 4, 2017.

2. Exh. B- The 7th Judicial Circuit Court's Order Denying Steven Chauncy's Amended Petition for Establishment and Probate of Lost or Destroyed will and Amendment of Personal Representative and Granting the Petition for Administration by Dennis Lee Gorden.

3. Exh. C- The November 14, 2028 Affidavit of Michael Main explaining his execution as witness of the May 4, 2007 will (Plt. Exh. A) filed in the probate case.

4. Exh. D- The December 3, 2018 Affidavit of Attorney Michael Clower, counsel for **CHAUNCY** in the probate matter commenting on Plt. Exh. C above, the November 14, 2018 affidavit of Michael Main and filed in the probate case. Note-The Plaintiff, **CHAUNCY** has filed suit in this District against his former counsel, Michael Clower. (See case# 6:20-cv-1288-Orl-78EJK).

5. Exh. E- Unexplained Exhibit of receipts from Halifax River Yacht Club.

### Documents not attached to the Complaint but attached to this Motion as Defendant's Composite Exh. 1 and Defendant's Exh. 2.

The Plaintiff did not include the State Circuit Court's decision after it heard all the witness testimony and considered exhibits, which included CHAUNCY'S testimony in the probate action,

**MAIN**'s testimony, Dennis Lee Gorden as well as other witnesses who testified in the probate case. **CHAUNCY** makes no reference in this federal court complaint to his Motion for Relief from Judgment who testified in the probate case filed in the State Circuit probate Court, his attempt to overturn the trial Court's ruling under Fla. R. Civ. P. 1.540(b) "Mistakes; Inadvertence; Excusable neglect; Newly Discovered Evidence; Fraud; etc" or the trial Court's Order dated 1/24/2020 denying **CHAUNCY** such relief from Judgment. On July 20, 2019 in correspondence to the probate trial Judge, lambasting her decision, **CHAUNCY** accuses the Defendant in his case of presenting false testimony in the probate matter. **CHAUNCY** makes no reference to his Motion for Rehearing on July 15, 2019, his Motion for Relief from Judgment for Newly Discovered Evidence on October 24, 2019, his Motion for Reconsideration of Court Ruling at Hearing on January 17, 2020, his Stipulation in 5th District on February 26, 2020, The Stipulated Order on February 27, 2020, his State Court Stipulation on March 1, 2020 or the Final Order of the 5th DCA disposing his Appeal on March 17, 2020. (See these court documents attached as Def. Composite Exh 1). **CHAUNCY** is most likely pursuing this action in Federal Court because he did not like the decisions he received in State Court including the ruling the Court rendered under 1.540(b) and is attempting to avoid Attorney fee provisions under Fla. Stat. §§733.106(1), 733.106(2), 733.106(3) and 733.106(4) by continuing his 5th DCA appeal. Instead, he is asking this court to sit as Florida's 5th DCA.

## MEMORANDUM OF LAW

### I.      Fed. R. Civ. P. 12(b)) Standard of Dismissal.

Pursuant to Fed. R. Civ. P. 12(b) (6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs Corp. v. Mazer*, 556 F. 3d 1260,

1269 (11th Cir, 2009). This pleading standard "does not require detailed factual allegations,' but it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Aschroft v. Iqbal,* 556 U.S/ 662. 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 544,555 (2007).)) Additionally, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Generally, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.,* F. 3d 1334, 1337 (11th Cir. 2002).

In *Brooks v. Blue Cross & Blue Shield, Inc.,* 116 F. 3d 1364, 1369 (11th Cir. 1997) our circuit has held "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment".

In this case, **CHAUNCY** references the probate proceedings in the State Circuit Court in his pro se Federal Complaint under section III, "Statement of Claim", including reference to the probate court's adverse ruling.

In *Haddad v. Dudek and Russ* case #3:10-cv-414-5-34TEM Middle District Judge Morales addressed the issue of collateral estoppel raised in a Motion to Dismiss:

> A party may raise an affirmative defense, such as collateral
> estoppel, in a Rule 12(b) (6) motion, where the existence

of the defense can be judged on the face of the complaint. Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982); *Stephens v. State Farm Fire and Cas. Co.*, No. 1:03-CV-3094-JTC, 2004 WL 5546250, at *1 (N.D. Ga. June 23, 2004), aff'd, 149 F. App'x 908 (11th Cir. 2005). In considering such a challenge, the Court may take judicial notice of and consider documents which are public records that are attached to the motion to dismiss, without converting the motion to dismiss into a motion for summary judgment. This is based on the fact that such documents are "public records that [are] 'not subject to reasonable dispute' because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned.'" *Horne v. Potter,* 392 F. App'x 800, 802 (11th Cir. 2010) (quoting Fed. R. Evid. 201(b)). Moreover, "a court may take notice of a another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of that litigation." *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994). "If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b) (6). *LeFrere v. Quezada,* 582 F.3d 1260, 1263 (11th Cir. 2009).

## II.  <u>Fed. R. Civ. Pro. 56 Summary Judgment Standard the Defendant alternatively requests that under Fed. R. Civ. P (2)(d)this Motion be treated as a Summary Judgment Motion.</u>

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Baby Buddies, Inc. v. Toys* "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hickson Corp. v. N. Crossarm Co., Inc.,* 357 F.3d 1256, 1260 (11th Cir. 2004)(citing *Anderson,* 477 U.S. at 251). In ruling on a

motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. *Scott v. Harris,* 550 U.S. 372, 380 (2007); *Tana v. Dantanna's,* 611 F.3d 767, 772 (11th Cir. 2010).

In this case, Defendant **MAIN** alternatively requests that this honorable Court treat this Motion as a R. 56 motion under Fed. R. Civ. Pro 12 (d) and to consider his attached exhibits which are all State Circuit Court documents found on the 7th Circuit Court's docket of Volusia County Case #2018 11957 PRDL and the 5th DCA Case # 5D19-2507 (Def. Composite Exh. 1) in order to dismiss this case with prejudice based upon the doctrines of Collateral Estoppel and Res Judicata. Def. Exh. 2, CHAUNCY's letter to the State Circuit Court Judge who decided the issues, is not listed on the Circuit Court's Docket but the Defendant requests this honorable court to consider it because **CHAUNCY** was alleging **MAIN's** fraudulent testimony to the Circuit Court on July 20, 2019 and again in his October 24, 2019 Motion to the State Court under FLA. R. Civ. P. 1.540(b).

### III. <u>Florida's Preclusion Law Applies to Chauncy's Complaint.</u>

In *Barrington v. Florida Department of Health,* 112 F. Supp. 2d 1299, 1304- 1305 (M.D. Orl. Fla. 2000) Judge Weisman analyzed Florida's Preclusion Law:

> #### Florida's Preclusion Law
>
> Florida courts recognize the preclusive effect of state court decisions upholding administrative determinations. *See, e.g., In re Louis S. St. Laurent, II,* 991 F.2d 672 (11th Cir.1993); *School Bd. of Seminole County v. Unemployment Appeals Comm'n,* 522 So. 2d 556, 556-57 (Fla.Dist. Ct.App.1988).
>
> #### *1. Collateral Estoppel*
>
> It is well established in Florida that parties are estopped from litigating issues that have already been decided in a prior administrating proceeding apart from

direct review of the agency decision by the Florida district court of appeals. *See Coulter v. Davis; City of Bartow v. Public Employees Relations Comm'n* 382 So. 2d 311, 313 (Fla.Dist.Ct.App.1979). Under Florida law, the following elements must be established before collateral estoppel may be invoked: 1.) the issue at stake must be identical to the one decided in the prior litigation; 2). the issue must have been actually litigated in the prior proceeding; 3.) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and 4.) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. *In re Yanks,* 931 F.2d 42, 43 n. 1 (11th Cir.1991); *In re Halpern,* 810 F.2d 1061, 1064 (11th Cir.1987); *In re Scarfone,* 132 B.R. 470, 472 (Bankr. M.D.Fla.1991); *see also Mobil Oil Corp. v. Shevin,* 354 So. 2d 372, 374 (Fla.1977).

## 2. Res Judicata

It is also well established that Florida courts would accord res judicata effect to all issues which could have been raised before the district court of appeals on direct review of the administrative agency's decision. *See Key Haven v. Board of Trustees of Internal Improvement Trust Fund,* 427 So. 2d 153, 157-58 (Fla.1982). *City of Bartow v. Public Employees Relations Comm'n,* 382 So. 2d 311, 313 (Fla. Dist.Ct.App.1979). The general principle behind the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is absolute and puts to rest every justiciable issue, as well as every issue that has been actually litigated. *Gordon v. Gordon,* 59 So. 2d 40 (Fla.1952); *Lake v. Hancock,* 38 Fla. 53, 20 So. 811 (1896). However, this principle only applies when the elements of res judicata are present and the doctrine is properly applied. *Gordon,* 59 So. 2d at 43.

For the application of res judicata, Florida requires four factors to be present: 1.) identity of thing sued for; 2.) identity of the cause of action; 3.) identity of the parties; and 4.) identity of the quality in the person for or against whom the claim is made. *Casines v.*

*Murchek,* 766 F.2d 1494, 1495 (11th Cir.1985) (applying Florida law). Where the second suit is upon the same cause of action and between the same parties as the first, res judicata applies. The first judgment is conclusive as to all matters which were or could have been determined. 766 F.2d at 44; *Prall v. Prall,* 58 Fla. 496, 50 So. 867, 870 (1909).

It is also a settled rule that, when the second suit is between the same parties but based upon a different cause of action from the first, the prior judgment will not serve as an estoppel except as to those issues actually litigated and determined. The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions. *Albrecht v. State,* 444 So. 2d 8, 12 (Fla.1984) (citations omitted) superseded by statute on other grounds, as stated in *Bowen v. Florida Dep't of Envtl. Regulation,* 448 So. 2d 566 (Fla.Dist.Ct.App.1984), approved and adopted, 472 So. 2d 460 (Fla. 1985).

A. Collateral Estoppel applies to this federal action filed by **CHAUNCY**:

1. The issue at stake must be identical to the one decided in the prior litigation. The issue in this case is allegedly fraudulent testimony of Defendant **MAIN** in the probate proceedings. **CHAUNCY** raised that issue below, lost and then abandoned his appeal.

2. The issue must have been actually litigated in the prior proceeding. The issues of newly discovered evidence and fraud were raised, considered and ruled upon by the State Circuit Court.

3. The prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision. The prior determination of the State Circuit Court based upon **CHAUNCY**'s Motion to Set Aside The Judgment was an integral part of sustaining the State Circuit Court's decision.

4. The standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. The federal standard of proof is similar as the Florida Rules of Civil Procedure are patterned from the Federal Rules. Both require clear and convincing evidence. (See *Cox v. Burke*, 706 So. 2d 43, 47 (Fla. 5th DCA 1998); *Villasenor v. Martinez*, 991 So. 2d 433, 436 (Fla. 5th DCA 2008) and compare *Harre v. A. H. Robbins Co.*, 750 F. 2d 1501, 1503 (11th Cir. 1985); *Booker v. Dugger*, 825 F. 2d 281, 283 (11th Cir. 1987); *Waddell v. Hendry Cty. Sheriff's Office*, 329 F. 3d 1300, 1309 (11th Cir. 2003).

**B.** Res Judicata applies to this Federal action filed by **CHAUNCY**:

1. Identity of thing sued for. Both the State Circuit Court and the federal action pertain to the same thing sued upon in the State Circuit Court-A will contest and the Defendant's allegedly fraudulent testimony in that case.

2. Identity of the cause of action. In both this Court and the State Circuit Court, **CHAUNCY** alleged fraudulent testimony of **MAIN** should not have been relied upon by the State Circuit Court.

3. Identity of the parties. **CHAUNCY** is a party in both actions. Defendant **MAIN** was a witness who testified in the probate matter and whose testimony was evaluated twice by the State Circuit Court, once at trial and once after review under Fla. R. Civ. P. 1.540(b). **CHAUNCY** abandoned his appeal to the 5th DCA of those State Circuit Court decisions.

4. Identity of the quality in the person for or against whom the claim is made. In both cases **CHAUNCY** accuses **MAIN** of fraudulent testimony in the probate case.

## IV. Conclusion

**CHAUNCY** raised his concerns about the allegedly fraudulent testimony of Defendant **MAIN** to the State Court in his probate battle, through his lawyer. The State Circuit Court issued adverse rulings to **CHAUNCY** after considering the issues he raised and after sitting as the trier of fact. **CHAUNCY** abandoned his 5th DCA appeal. He now wants this honorable Court to sit as the 5th DCA and has decided to sue his former counsel by separate suit in this District because he was unhappy with the outcome he obtained in state court.

**Wherefore,** the Defendant respectfully requests this honorable Court to issue an Order Dismissing the Complaint with prejudice.

## L.R. 3.01(g) CERTIFICATION

The undersigned counsel insisted on discussing this Motion pursuant to L.R. 3.01 (g) with the Plaintiff, but the Plaintiff contends a telephone conference would be inconvenient for him until after March 17th. (See attached Def. Exh. 3 emails between the office of the undersigned counsel and the Plaintiff). The undersigned counsel's office attached L.R. 3.01(g) and a copy of the Middle District Pro Se Litigant Guide for the Plaintiff to assist him in understanding and complying with the Middle District's Rules. Therefore, the undersigned counsel has not been able to confer with the Pro Se Plaintiff under L.R. 3.02 (g) (2) and will proceed under L.R 3.01 (g) (3) "unavailability" and supplement this certification.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above Motion was delivered to the addresses listed below via email on this day of March 16, 2021 using the CM/ECF electronic filing system, which electronically notifies those parties of record and by a separate email the pro se Plaintiff at chauncys60@gmail.com.

*/s/ Frederick C. Morello*
**Frederick C. Morello, Esquire**
**Florida Bar No: 0714933**
**Frederick C. Morello, P.A.**
**111 N. Frederick Ave., 2nd Floor**
**Daytona Beach, FL 32114**
**Phone: (386) 252-0754**
**Fax: (386) 252-0921**
**live2freefly@gmail.com**
**adminasst@fcmesq.com**

## SERVICE LIST

Charles Steven Chauncy
2620 Bluefield Ave.
Nashville, TN 37214
Chauncys60@gmail.com

IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT, IN AND
FOR VOLUSIA COUNTY, FLORIDA

IN Re: ESTATE OF:                                    Case No: 2018 11957 PRDL
                                                     Division: 10
ADDISON WOOLLEN McNAIRY,
        Deceased
_____/
DENNIS LEE GORDEN,
        Petitioner,
v.

STEVEN CHAUNCY,
        Respondent.
_____/
STEVEN CHAUNCY,
        Petitioner,
v.

Unknown Heirs of Addison Woollen McNairy,
Deceased and Dennis Lee Gorden,
        Respondents.
_____/

## ORDER DENYING MOTION FOR RELIEF
## FROM JUDGMENT FOR NEWLY DISCOVERED EVIDENCE

This matter came on for hearing on January 9, 2020 upon the Motion for Relief from

Judgment for Newly Discovered Evidence filed, pursuant to Fla. R. Civ. P. 1.540(b), by Steven

Chauncy. The court had previously entered an Order Denying Petition for Establishment and

Probate of Lost or Destroyed Will and Appointment of Personal Representative filed by Steven

Chauncy and Granting Petition for Administration filed by Dennis Lee Gorden on July 5, 2019.

Steven Chauncy timely filed a Motion for Rehearing on July 15, 2019 and, after the court denied

that Motion for Rehearing on July 19, 2019, he filed a timely Notice of Appeal of the Order on

August 19, 2019. Subsequently, Steven Chauncy filed a Motion for Relief from Judgment for

Newly Discovered Evidence on October 24, 2019; the Fifth District Court of Appeal entered an



DEFENDANT'S
EXHIBIT
Composite 1

Order relinquishing jurisdiction to this court until January 27, 2020 to allow this court to hear and rule on that Motion.

The evidence presented at the hearing on the Motion for Relief from Judgment for Newly Discovered Evidence showed that on August 4, 2019, one month after the court Order Denying his Petition for Establishment and Probate of Lost or Destroyed Will, Steven Chauncy emailed two individuals associated with the Halifax River Yacht Club asking them to "check with the HRYC restaurant/bar to see if there are any records of any charges to Mac's (the decedent) HRYC account on May 4, 2007?" That information could be important as the court's Order denying his petition was based on lack of competent, substantial evidence that the testator and the witnesses were not in the presence of each other when each signed the May 4, 2007 Will at the Halifax River Yacht Club.

The Commodore of the Halifax River Yacht Club, Chris Brown, testified that he requested office staff to check computer records based upon Mr. Chauncy's email request. Office staff were able to locate computer records that revealed that the testator, the two witnesses and the attorney who drafted the Will and served as notary, each members of the Halifax River Yacht Club, ordered food and/or drink on May 4, 2007. Mr. Brown also instructed office staff to continue looking for the actual order slips (called "chits") from that day despite the fact that they routinely kept paper records for only 7 years. Approximately one month later, while moving boxes in the storage room, office staff did find the paper chits from the May, 2007 time frame in question. The actual chits showed additional information than the previously found summary: the orders from the testator, witnesses and the attorney were input into the computer sequentially and showed the time and location of where the orders were placed.

Mr. Brown testified that the sequential nature of the orders likely meant that these individuals were at the same table or close to one another. On cross-examination, he admitted that the chit does not say where each member was sitting or who else was at that location. Pictures of the Flag Room, the only room used for lunch at the Halifax River Yacht Club, were also introduced into evidence by Steven Chauncy. These pictures showed that, due to the size of the room, anyone who was in that room would be able to see who else was in the room, as well as who entered or left the room.

Courts are required to be circumspect in granting a new trial based on newly discovered evidence. Cleveland v. Crown Financial, LLC, 212 So. 3d 1065, 1068-69 (Fla. 1st DCA 2017), *quoting* Hooks v. Quaintance, 71 So. 3d 908, 911 (Fla. 1st DCA 2011). Such a motion for new trial should not be granted unless: (1) the evidence could not have been discovered before trial by exercise of due diligence; (2) is material and not merely cumulative or impeaching; and, (3) will probably change result if a new trial is granted. King v. Harrington, 411 So.2d 912, 915 (Fla. 2d DCA 1998).

A new trial based on newly discovered evidence is warranted only where the evidence was discovered after the trial and could *not* have been discovered before the trial by the exercise of due diligence (emphasis supplied). Cleveland v. Crown Financial, 212 So. 3d at 1069; *see also* Belk v. McKaveney, 903 So.2d 337 (Fla. 2d DCA 2005)(Rule 1.540(b)(2) does not offer relief to parties who could have discovered the evidence in time to file a motion for rehearing). The movant has the burden to show the exercise of due diligence and it is not sufficient to merely show that the evidence was not known or discovered prior to trial. Brown v. McMillian, 737 So.2d 570,571 (Fla. 1st DCA 1999); King v. Harrington, 411 So. 2d at 915(a party must make his vigilance apparent and it is not sufficient to merely show that the evidence was not

discovered or known until after trial).. Steven Chauncy has not met his burden to prove due diligence was exercised. He testified that he "had no idea the chits would have existed" prior to trial but gave no explanation why he didn't ask the Halifax River Yacht Club to look for them prior to trial, or even by the date of the Motion for Rehearing, as he did on August 4, 2019, such request being made only after the court's Order denying his petition and Motion for Rehearing.

Steven Chauncy's counsel argues that the due diligence requirement is not inflexible and relies on the cases of <u>Cluett v. Dept. of Prof. Regulation</u>, 530 So. 2d 351, 355 (Fla. 1st DCA 1988) and <u>Jackson v. State</u>, 416 So.2d 10 (Fla. 3d DCA 1982). Those cases predate the more recent and in depth Rule 1.540(b) analysis cases cited above. Furthermore, Chauncy's cited cases focus on the third prong of the Rule 1.540(b) analysis to find that, if the evidence would have probably changed the result of the trial, the due diligence requirement should not be inflexible. <u>Id</u>. Such is not the case here.

Examining the second prong of the Rule 1.540(b) analysis, the court would find that the new evidence is material and not merely cumulative. It does appear, however, that the use of the evidence would be primarily for impeachment purposes as it would be presented to persuade the court to change its' findings that were based upon credibility issues. Nevertheless, the more important focus is on the third prong of the Rule 1.540(b) analysis as the court does not find that the new evidence would change the result if a new trial was granted.

The chits do show that each individual in question ordered food from the Flag Room of the Halifax River Yacht Club on May 4, 2007 and the photos suggest that they probably saw each other there. However, this new information does not constitute substantial competent evidence that they were in the presence of each other *at the time the Will was executed*. Steven Chauncy asks the court to extrapolate that because they each ordered lunch that day, there were

in each other's presence at the time of the Will's execution. To make that finding, the court would have to make assumptions as the new information provided by the new evidence does not prove the facts of the Will's execution.

Therefore, since Steven Chauncy has not met his burden of showing the evidence could have been discovered before trial or the Motion for Rehearing by the exercise of due diligence, together with the fact that the newly discovered evidence would not change the result of the trial, his Motion for Relief from Judgment for Newly Discovered Evidence must be DENIED.

DONE and ORDERED in chambers, Volusia County, FL, on this _

e-Signed 1/24/2020 12:59 PM 2018 11957 PRDL

Circuit Judge

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA
PROBATE DIVISION

IN RE: The Estate of

ADDISON WOOLLEN MCNAIRY
    Deceased
_____/

DENNIS LEE GORDEN
    Petitioner/Counter-Respondent

vs.

STEVEN CHAUNCY,
    Respondent/Counter-Petitioner
_____/

STEVEN CHAUNCY,
    Petitioner,

vs.

Unknown Heirs of Addison Woollen McNairy,
deceased and Dennis Lee Gorden,
    Respondents.
_____/

File No. 2018-11957-PRDL
Division: 10

## MOTION FOR REHEARING

    COMES NOW the Petitioner, STEVEN CHAUNCY, by and through his undersigned counsel and files this Motion for Rehearing pursuant to Fla. R. Civ. P. 1.530 and in support would show:

1.    The court conducted an evidentiary hearing with respect to the admission of the lost or destroyed will of the decedent on June 10, 2019 at the time of the hearing the Court took the matter under consideration.

2. The Court entered a final *Order on the Petition for Establishment and Probate of Lost or Destroyed Will and Appointment of Personal Representative Filed by Steven Chauncy and Granting Petition for Administration filed by Dennis Lee Gorden* on July 5, 2019.

3. The Motion for Rehearing is timely filed.

4. The basis for the court's ruling was that the lay witness' testimony contained more detail than that of the attorney who drafted and conducted the will signing. Said attorney testified that the method of execution was in conformity with his routine practice and that he would not seek the signature of the witnesses outside the presence of the testator. The attorney is an officer of the Court and as such is held to a higher standard than the lay witness. To disregard the attorney's testimony and rule that "the greater weight of the evidence leads this court to believe that short cuts were taken" goes against public policy since the majority of attorneys who draft wills and trusts do so in great numbers which would preclude detailed recall of such executions. If such standards are held to hold less weight then a lay person who is a friend of the defendant and therefore biased, then any will signing conducted by an attorney could be attacked solely on the basis that the attorney does so many document executions he does not recall the details of the specific execution.

5. The lay witness Michael Main claims to be able to recall with specificity the details of what would have been to him a mundane action that occurred 12 years prior. Such complete recall of the events is in itself suspect.

WHEREFORE the Petitioner respectfully requests rehearing in this matter.

I hereby certify that a true and correct copy of the foregoing has been provided by e-mail through the e-filing portal to Jerry B. Wells, Esq. Eservejerrywells@cfl.rr.com; jerrywellsassist@cfl.rr.com this _____ day of _____, 20 _____.

EVERY & STACK

BY:_____

MELVIN STACK, ESQUIRE
Fl. Bar # 297798
444 Seabreeze Blvd., Suite 1003
Daytona Beach, Fl 32118
Phone: (386) 255-1925
Telefax: (386) 255-9118
e-mail: anne_melstackpa@bellsouth.net
         service.melstack@gmail.com

IN THE CIRCUIT COURT FOR VOLUSIA COUNTY,
FLORIDA           PROBATE DIVISION

IN RE: ESTATE OF         Case No. 2018 11957 PRDL

ADDISON WOOLLEN McNAIRY,    Division: 10
      Deceased
_____/

DENNIS LEE GORDEN,
      Petitioner/Counter-Respondent

v.

STEVEN CHAUNCY,
      Respondent/Counter-Petitioner
_____/

STEVEN CHAUNCY,
      Petitioner,

v.

Unknown Heirs of Addison Woollen
McNairy, Deceased, and Dennis Lee Gorden,
Respondents.
_____/

## MOTION FOR RELIEF FROM JUDGMENT FOR NEWLY DISCOVERED EVIDENCE

Respondent/Counter-Petitioner **STEVEN CHAUNCY**, by and through his undersigned

counsel, files this Motion for Relief from Judgment in accordance with Rule 1.540(b) of the Florida

Rules of Civil Procedure, and alleges the following:

1.    This cause came before the Court on **DENNIS LEE GORDEN's** Motion to

Determine Validity of Will (doc. 52) of the Last Will and Testament dated May 4, 2007 and

Petition for Administration (doc. 10) for probate of the Last Will and Testament dated July 6, 2018

and **STEVEN CHAUNCY's** Amended Petition for Establishment and Probate of Lost or

Destroyed Will and Appointment of Personal Representative Administration (doc. 36) for probate

of the Last Will and Testament dated May 4, 2007 (collectively, the "Pleadings").

2.     The Court held an evidentiary hearing on the foregoing Pleadings on June 10, 2019 (the "Hearing"). The Court entered an Order Denying Petition for Establishment and Probate of Lost or Destroyed Will and Appointment of Personal Representative Filed by Steven Chauncy and Granting Petition for Administration Filed by Dennis Lee Gorden (doc. 66) (the "Order") on July 5, 2019.

3.     **STEVEN CHAUNCY** moves for relief from the Order for newly discovered evidence. Under Fla. R. Civ. P. 1540(b) a motion for relief from a judgment, decree, order or proceeding for reasons of mistake, inadvertence, surprise, excusable neglect or newly discovered evidence must be made not more than one year after the judgment, decree, order or proceeding was entered or taken.

4.     New evidence came to the attention of **STEVEN CHAUNCY** which materially affects his substantive rights in this matter. Such evidence is not merely cumulative or impeaching and will in all likelihood change the result if a new trial is had in this action.

5.     Such evidence was not discovered, and by due diligence could not have been discovered, until September 20, 2019, after the expiration of time for filing a motion for a new trial.

6.     At the Hearing, **MICHAEL C. MAIN**, one of the witnesses to the decedent's Last Will and Testament dated May 4, 2007 (the "Will"), testified that he did not see the decedent sign the Will and did not see the decedent at all that day.

7.     **D. MICHAEL CLOWER, ESQ.**, the attorney who drafted and notarized the Will, gave competing testimony at the hearing that the decedent and the witnesses signed the Will in the presence of each other in the Flag Room at the Halifax River Yacht Club in Daytona Beach, Florida. **CLOWER** also testified that he did not remember the specific positions of the decedent

and the witnesses when the Will was executed. However, **CLOWER** testified as to his extensive experience practicing estate planning in the state of Florida and the policy he follows religiously when executing estate planning documents. **CLOWER** testified that he always has the testator and the witnesses to a Last Will and Testament sign in the presence of each other and that was the procedure **CLOWER** followed when he had the testator execute his Will on May 4, 2007.

8.     Although the Court found the testimony of both **MAIN** and **CLOWER** to be credible, the Court decided to follow **MAIN's** testimony instead of **CLOWER's** testimony because **MAIN** was able to provide details of the execution and **CLOWER** was not. The Court found that the *greater weight of the evidence* presented led the Court to believe that testator and the witnesses were not in the presence of each other when each signed the Will.

9.     After entry of the Court's Order, **CHAUNCY** wrote a letter to the Court expressing his dissatisfaction with the Order and forwarded a copy of the letter to the Halifax River Yacht Club Commodore, Chris Brown. The letter itself was not of any evidentiary or legal import, but sending the letter resulted in a completely unanticipated yet highly proactive result. After **BROWN** received the letter, **BROWN** looked into the matter raised in the letter he received, and located a copy of lunch orders the Club maintained from 2007. **BROWN** sent **CHAUNCY** a copy of the lunch orders from the day the testator executed his Will, which included the testator, **MAIN**, **CLOWER** and the second witness to the Will, Robert Weber. The chit numbers of the testator, witnesses and notary were consecutive, which leads to the conclusion that the four men were having lunch at the Halifax River Yacht Club at the same time. At that time, Brown could not find the actual chits from that day, only a copy of all the orders which showed the members' chit numbers.

10.    **BROWN** did not stop his investigation but continued his review of the 2007 Club documents. On September 20, 2019, **BROWN** located the chits from the Flag Room on May 4, 2007 showing that the two witnesses, the testator and the notary were present in the Flag Room for lunch on the day the Will was executed. Attached as Exhibit A and incorporated herein are copies of the Halifax River Yacht Club chits of **MICHAEL C. MAIN, ROBERT WEBER, D. MICHAEL CLOWER** and **ADDISON WOOLLEN McNAIRY** from May 4, 2007.

11.    The newly discovered evidence contradicts the statement of witness **MICHAEL C. MAIN** that he did not see the decedent the day the 2007 Will was executed. Such evidence is not merely cumulative or impeaching and will in all likelihood change the result if a new trial is had in this action. The greater weight of the evidence supports **CLOWER's** testimony that the witnesses and the decedent signed the Will in the presence of one another at lunch in the Flag Room of the Halifax River Yacht Club on May 4, 2007.

12.    No reasonable basis existed to believe that a restaurant or club would have orders from 2007 maintained and preserved twelve years later, and that such orders (or chits) would identify specific people in a specific room on a specific day over a decade ago. The letter sent by **CHAUNCY**, copied to **BROWN**, was not sent for the purpose of seeking this information; the independent volition of **BROWN** to research and provide this unanticipated information resulted in the newly discovered evidence. Rule 1.540 exists for the specific purpose for allowing the Court to consider this type of newly discovered evidence, particularly when that evidence fundamentally probative on the key issue determined by this Court.

WHEREFORE, Defendant/Counter-Petitioner moves this Honorable Court for an Order Granting Motion for Relief from Judgment for Newly Discovered Evidence.

Dated this 24th day of October, 2019.

ASTRID DE PARRY, P.A.

By: **Alyson G. Morelli, Esquire**
Florida Bar No. 0586110
107 East Church Street
DeLand, FL 32724
Phone: (386) 736-1223
Facsimile: (386) 736-1022
Email address: email@delandattorney.com
Attorney for **STEVEN CHAUNCY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email through the electronic portal to Jerry B. Wells, Esquire, attorney for Dennis Lee Gordon, at eservejerrywells@cfl.rr.com and jerrywellsassist@cfl.rr.com this 24th day of October , 2019.

**Alyson G. Morelli, Esquire**

T:\WP Docs\Chauncy, Steven\Estate of Addison W. McNairy\Pleadings\Drafts\Motion for Relief from Judgment For Newly Discovered Evidence_NAS Redline_ACCEPTED.docx

Page 5 of 5

IN THE CIRCUIT COURT FOR VOLUSIA COUNTY,
FLORIDA                        PROBATE DIVISION

IN RE: ESTATE OF                Case No. 2018 11957 PRDL

ADDISON WOOLLEN McNAIRY,      Division: 10
        Deceased
_____/
DENNIS LEE GORDEN,
       ·    Petitioner/Counter-Respondent

v.

STEVEN CHAUNCY,
        Respondent/Counter-Petitioner
_____/

STEVEN CHAUNCY,
        Petitioner,

v.

Unknown Heirs of Addison Woollen McNairy,
Deceased, and Dennis Lee Gorden, Respondents.
_____/

## MOTION FOR RECONSIDERATION OF COURT RULING AT HEARING

Respondent/Counter-Petitioner/Petitioner **STEVEN CHAUNCY**, by and through his undersigned counsel, hereby files this Motion for Reconsideration of Court Ruling at Hearing of January 9, 2020, and states as follows:

1.      On November 26, 2019, this Court entered an Order Granting Motion to Stay Proceedings Pending Appeal (doc. 105).

2.      In said Order, the Court found that imposing a bond upon Petitioner, **STEVEN CHAUNCY**, is appropriate pursuant to Rule 9.310(c) of the Florida Rules of Appellate Procedure (doc. 105). The Court further found that determining the amount and conditions of said bond would be appropriate after the Court heard the Motion for Relief for Newly Discovered Evidence (doc. 105).

3.      On January 9, 2020, at the end of the hearing on Petitioner's Motion for Relief for Newly Discovered Evidence, the Court ruled in open court that an Order Amending Order Granting Motion to

Stay Proceedings Pending Appeal should be entered requiring a One Million Five Hundred Thousand Dollars ($1,500,000.00) bond based upon the Inventory of the Estate (doc. 121).

4.      According to the Inventory filed December 27, 2019, the Estate consists of approximately $187,433.60 of funds on deposit with federally insured financial institutions, plus $883,638.08 in an account at Merrill Lynch (doc. 114). At the time of this writing, it is not clear whether the Merrill Lynch Account includes stocks, bonds, mutual funds or certificates of deposit. Petitioner, **STEVEN CHAUNCY**, requested a Merrill Lynch account statement from the Personal Representative but none was provided.

5.      Rule 9.310(a) of the Florida Rules of Appellate Procedure provides that a stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both. Rule 9.310(b) of the Florida Rules of Appellate Procedure provides that if the order is a judgment solely for the payment of money, a party may obtain an automatic stay of executions pending review, without the necessity of a motion or order, by posting a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest. Rule 9.310(c)(1) of the Florida Rules of Appellate Procedure defines a "good and sufficient bond" as a bond with a principal and a surety company authorized to do business in the State of Florida, or cash deposited in the circuit court clerk's office. The Florida Rules of Appellate Procedure further provide that the lower tribunal shall have continuing jurisdiction to determine the *actual sufficiency* of any such bond. Rule 9.310(c)(1), Fla. R. App. P. (emphasis added).

6.      Pursuant to Rule 9.310 of the Florida Rules of Appellate Procedure, a trial court is authorized to require an appellant to post a bond to protect the appellee from injury incurred as a result of the stay when appeals are taken from nonmonetary judgments or orders. The purpose of such a bond is to protect the party in whose favor judgment was entered by ensuring that the judgment will be complied with if it is affirmed. *Cohn v. Reiss*, 615 So.2d 173 (Fla. 4th DCA 1993); *Pabian v. Pabian*, 469 So.2d 189 (Fla. 4th DCA 1985).

7.    Thus, the Court must determine the amount of a good and sufficient bond or other conditions that are sufficient to protect the Appellee from injury incurred as a result of the stay. In the case at bar, the appeal is taken from a nonmonetary judgment. There is no risk that a monetary judgment will not be complied with if the order is confirmed. In fact, the purpose of the stay in this case is to maintain the status quo pending appeal. The Appellant has no access to or authority over the Estate assets. On the contrary, the Appellee is the party with access to the Estate assets as Personal Representative. If there were no stay, the Appellee would have the ability to distribute the assets of the Estate, rendering the appeal meaningless.

8.    The Last Will and Testament dated July 6, 2018 ("Will"), admitted by the Court on October 1, 2019 (doc. 88), provides two specific devises of ten thousand dollars each to Louise M. Drinnan and Barry L. Gerdes (doc. 7.5). The Will distributes the rest, residue and remainder of the decedent's estate to Personal Representative, **DENNIS LEE GORDEN**, as trustee of the ADDISON WOOLEN MCNAIRY TESTAMENTARY TRUST ("Trust") (doc. 7.5). The Trust is a naked trust which does not have any identifiable beneficiaries (doc. 7.5). The purpose of the Trust is to "do good works" as **DENNIS LEE GORDEN** sees fit (doc. 7.5). The Trust specifically states: that **DENNIS LEE GORDEN** can register Trust assets in **DENNIS LEE GORDEN**'s name without disclosing the trust relationship, **DENNIS LEE GORDEN** does not have to account to the decedent or anyone else and **DENNIS LEE GORDEN** is released from any fiduciary duties (doc. 7.5). Thus, the only identifiable beneficiaries of the decedent's Will are Louise M. Drinnan and Barry L. Gerdes (doc. 7.5).

9.    The only possible injury Appellee/Personal Representative/Trustee, **DENNIS LEE GORDEN**, may incur as a result of the stay is the possible diminution in the value of the marketable securities in the Estate, pending the appeal. Otherwise, there are no other potential injuries to Appellee as a result of the stay which require a bond to protect against.

WHEREFORE, Petitioner **STEVEN CHAUNCY** respectfully requests this Court to reconsider the ruling it made in open court to set bond at $1,500,000.00. Instead, Petitioner requests this Court

consider the actual amount of potential damages Appellee may incur as a result of the stay and set bond or other conditions accordingly.

Signed on this __17th__ day of January, 2020.

ASTRID DE PARRY, P.A.

By: **Alyson G. Morelli, Esquire**
Florida Bar No. 296326
107 East Church Street
DeLand, FL 32724
Phone: (386) 736-1223
Facsimile: (386) 736-1022
Email address: email@delandattorney.com
Secondary email: astriddeparry@gmail.com
Attorney for **STEVEN CHAUNCY**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email through the electronic portal to Jerry B. Wells, Esquire, attorney for Dennis Lee Gordon, 127 Magnolia Ave., Daytona Beach, FL 32114. Email: eservejerrywells@cfl.rr.com and jerrywellsassist@cfl.rr.com this __17th__ day of January, 2020.

Alyson G. Morelli, Esq.

IN THE CIRCUIT COURT FOR VOLUSIA COUNTY, FLORIDA PROBATE DIVISION

IN RE: ESTATE OF
ADDISON WOOLLEN MCNAIRY,
    Deceased

File No.: 2018-11957 -PRDL
Division: 10

_____/

DENNIS LEE GORDEN,
    Petitioner/Counter-Respondent

ADVERSARIAL PROCEEDING

v.

STEVEN CHAUNCY
    Respondent/Counter-Petitioner

v.

Unkown Heirs of Addison Woollen
McNairy, Deceased and Dennis Lee Gorden,
    Respondents

_____/

## STIPULATION

This stipulation is by and between Dennis Lee Gorden, Petitioner and Steven Chauncy, Respondent through the undersigned counsel, who hereby stipulate and agree as follows:

1. The parties have reached a settlement of all issues including the dismissal of the appeal case filed by Steven Chauncy. Fifth District Court of Appeal Case No. 5D19-2507.

2. The appeal case, Fifth District Court of Appeal Case No. 5D19-2507, was dismissed pursuant to the Order dated February 27, 2020, copy of the Order being attached hereto.

3. Pursuant to said Order dismissing appeal, the stay granted in this case on November 26, 2019 is now invalid and unenforceable.

4. The parties agree to the entry of an Order in the form as attached hereto without further notice or hearing.

In witness hereof, the Petitioner and Respondent through their undersigned counsel by their hands and seals.

Dated: 2/28/20

JERRY B. WELLS
JERRY B. WELLS, P.L.
127 Magnolia Avenue
Daytona Beach, FL 32114
(386) 253-3676
Florida Bar No. 139835
Attorney for Petitioner

Dated: 2/28/20

ASTRID De PARRY, P.A.
Florida Bar No. 296326
107 East Church Street
Deland, Florida 32724
(386) 736-1223
Email: email@delandattorney.com
Attorney for Respondent

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

STEVEN CHAUNCY,

       Appellant,

v.                                 CASE NO. 5D19-2507

DENNIS LEE GORDEN
AND UNKNOWN HEIRS
OF ADDISON WOOLLEN
MCNAIRY, DECEASED,

       Appellee.

_____/

DATE: February 27, 2020

**BY ORDER OF THE COURT:**

       ORDERED that the Joint Stipulation for Dismissal, filed February 26,

2020, is accepted and the above-styled cause is dismissed.


*I hereby certify that the foregoing is*
*(a true copy of) the original Court order.*


*Sandra B. Williams*

SANDRA B. WILLIAMS, CLERK

cc:

Carol B. Shannin       Jerry B. Wells
Nicholas A. Shannin

KERRY I. EVANDER
CHIEF JUDGE

RICHARD B. ORFINGER
JAY P. COHEN
F. RAND WALLIS
BRIAN D. LAMBERT
JAMES A. EDWARDS
ERIC J. EISNAUGLE
JOHN M. HARRIS
JAMIE R. GROSSHANS
MEREDITH L. SASSO
DAN TRAVER
JUDGES



SANDRA B. WILLIAMS
CLERK

CHARLES R. CRAWFORD
MARSHAL

DISTRICT COURT OF APPEAL
FIFTH DISTRICT
300 SOUTH BEACH STREET
DAYTONA BEACH, FLORIDA 32114
(386) 947-1600   COURT
(386) 255-8600   CLERK

## MEMORANDUM

To: The Clerk of the Circuit Court or Administrative Agency Addressed

From: Sandra B. Williams, Clerk
Fifth District Court of Appeal

By: Deputy Clerk

SUBJECT: FINAL ORDER

Date: March 17, 2020

Fifth DCA No.: 5D19-2507

County of Origin: Volusia

Trial Court No.: 2018-11957-PRDL

---

Pursuant to the provisions of Rule 9.350(c), Florida Rules of Appellate Procedure, attached is a conformed copy of the Final Order of this Court disposing of the subject Appeal. Please take the necessary action to adjust your records consistent with such order.

<u>NO MANDATE WILL BE ISSUED IN THIS CAUSE</u>

2020 MAR 17 PM 12: 02
CLERK OF THE CIRCUIT
& CTY. COURT VOLUSIA CTY., FL
CC 48
FILED

IN THE CIRCUIT COURT FOR VOLUSIA COUNTY, FLORIDA PROBATE DIVISION

IN RE:  ESTATE OF
ADDISON WOOLLEN MCNAIRY,
      Deceased
_____/

DENNIS LEE GORDEN,
      Petitioner/Counter-Respondent
v.
STEVEN CHAUNCY
      Respondent/Counter-Petitioner
v.
Unkown Heirs of Addison Woollen
McNairy, Deceased and Dennis Lee Gorden,
      Respondents
_____/

File No.: 2018-11957 -PRDL
Division: 10

ADVERSARIAL PROCEEDING

## ORDER CANCELLING STAY

THIS MATTER having come before the Court upon the stipulation of the parties, the Court being duly advised in the premises and finding good cause therefore, it is hereby:

ORDERED AND ADJUDGED

1. The stay granted in that certain Order Granting Motion to Stay Proceedings Pending Appeal dated November 26, 2019 is hereby cancelled and of no force or effect.

ORDERED at Deland, Florida on _____, 2020

3/2/2020 10:21 AM 2018 11957 PRDL

*Margaret W Hudson*

e-Signed 3/2/2020 10:21 AM 2018 11957 PRDL

MARGARET W. HUDSON
CIRCUIT JUDGE

cc: Alyson G. Morelli, Esquire
    Jerry B. Wells, Esquire



**Judge** ████████████████████

July 20, 2019

Dear Judge Hudson,

I am writing to share with you my concern on your ruling on the matter concerning the administrative probate of the estate of Addison Woolen McNairy case # 2018-11957- PRDL. I fully understand you have a difficult job. Your, job which I should not be required to remind you, is to rule fairly and impartially on the matters brought before you and to serve the people that come before you with empathy, due process and a desire to obtain the total truth about the issues brought before the court.   You obviously have no idea about the truth of this issue. I respectfully feel that your ruling in this matter is wrong, a travesty, and a miscarriage of justice.

I read on the internet that for you to read my letter, I must give a copy to all the parties. I can assure you I will personally deliver Wells, Clower, and Stack, a copy of this letter in a sealed envelope just as I have left a copy in your office, and the office of Chief Judge Zambrano of the 7th Judicial District. In due time all the current members of the Volusia County Bar and the Office of the Florida Bar, the Florida Supreme Court, and perhaps the Governor's office of Florida, and the local Daytona Beach newspaper will receive a copy by email. Isn't freedom of speech and press a great thing?

Your preposterous order of July 5, 2019 in this matter has enabled and validated three men one being a slick talking lawyer, Jerry B. Wells, that are all Halifax Yacht club buddies, and personal friends with one another to conspire, mislead and trick a demented 98-year-old man to attain the economic benefits of his estate. Mr. Addison McNairy, the decedent was legally blind, deaf, confined to a motorized chair and diagnosed with dementia and COPD of which he ultimately died. All these shenanigans took place in secrecy without the knowledge of Mr. McNairy's power of attorney which was in effect at the time the petitioner, Dennis Lee Gorden (July 6, 2018) took Mr. McNairy to attorney Well's office some five weeks before his death to draft a subsequent Testamentary Will -Trust allegedly negating Mr. McNairy's directives in the Will of May of 2007. With your ruling of July 5, 2019 which in your order erroneously lists the hearing date as May 23, 2019 the decedents estate is awarded to one individual, Dennis Lee Gorden, to do "Good Works" a man that befriended the decedent in 2016 after my mother's incapacity, due to onset aggressive dementia, disallowing her to continue to take care of the decedent's affairs as she had done for years. Mr. Gorden has past criminal charges, is a professed used car salesman, and a scheming scum bucket, but of course being a scum bucket is not illegal and is apparently inadmissible in a court. Gorden has no history that supports him being a charitable man. On July 2, 2018, Gorden took the decedent to the Halifax Hospital emergency room because of a fall, disorientation, and slurring of speech. The medical report states the 98-year-old decedent had (AMS) altered mental status. Four days later Gorden took the decedent to Wells to initiate the Testamentary Will-Trust of July 6, 2018.

I sincerely hope you adequately read the documents that were submitted in this matter and just didn't listen and shift the research of this case to an intern or law clerk to assist in making such a horrendous ruling. Attorney Mike Clower drafted Wills in 2007 for both my mother in October,2007 and her life-long companion, Mr. Addison McNairy in May 2007. The couple essentially left one another their assets, with the exception of an annuity my mother bequeathed to me. In your wisdom and ruling you have now

**DEFENDANT'S EXHIBIT 2**

ENG/D 800-631-6889

awarded my mother's home bequeathed to Mr. McNairy to a mere casual acquaintance. Do you seriously consider that type of decision justice and the right thing to do?

Now, let's talk about attorney Mike Clower, with your ruling, that now labels him as a perjurer and a liar. What under god's green earth does this attorney have to lie about or be biased about?? What would be his motive? He verified three times he executed the Will of 2007 according to Fiordia Statutes. He first verified by notarizing and signing the Will in 2007, secondly, he drafted an affidavit in December 2018 stating he properly executed the decedent's 2007 Will, and thirdly he testified before you that he properly executed the 2007 Will. Do you really believe Mike Clower lied all these times? Do you really have the audacity to reject and implicate a practicing attorney in your court with of 42 years, solid experience, with good standing and no disciplinary history as an out and out liar? What facts do you base the alleged "short cuts" you have attributed to Mr. Clower? Your patronizing statement that both witnesses are credible is an absolute ludicrous statement; you stated in your order attorney Clower took "short cuts" and therefore, did not execute the 2007 Will properly. Absolutely, no doubt you implied he is a liar. You further sated you were going to take the matter under advisement which even a lay person knows you didn't have the guts to decide from the bench in front of the parties. Your ruse of a fair ruling negates my standing as an heir to the 2007 Will because you denied it's validity. Because the attorney drafting the Will according to your implied written opinion is negligent, a liar, and a perjurer that improperly executed the decedent's 2007 Will.

Further to the point of unbelievability of your decision, Clower would have had to violate the law three times when he allegedly negligently, drafted the Will of 2007, which he took to the Halifax Yacht Club to have the decedent sign.

1. He notarized the Will without either decedent or the witnesses, or both not being present.
2. He had the decedent sign the Will without the witnesses.
3. He had the witnesses sign the Will without the decedent.

Do you really think Mr. Clower did this? If so, are you going to sanction or report Mike Clower's unethical behavior and negligence to the Flordia Bar? I promise you I will be communicating this debacle of justice to the Flordia Bar. What does this ruling say to all the other attorneys in your judicial district? If an attorney can't remember how he or she executed a will 12 years ago or longer, they must be a liar? A lay witness that you never met before, with documented facts before you that substantiate that he lied about his sworn diametrical statements of 2007 and 2018 in this matter, you believe his testimony because 'he looks credible' and states he remembers where 'everyone was sitting'. These are the facts you are ruining an attorney's reputation over. You absolutely have no substantial proof to give the lay witness more weight to his testimony than a long time Flordia attorney in the good standing with the Volusia County Bar, and Flordia Bar. Mr. Clower swore three times he executed the decedent's Will properly. You threw Mike Clower under the bus for no valid reason. Clower, by all account is a respected attorney and officer of the court who was just simply doing his job. You allowed Wells to demean, call Mr. Clower, a liar, negligent, lazy and incompetent without stopping Wells from the relentless tirade and berating of attorney Clower in open court. You have now validated Wells beratement of attorney Clower. Just so you know, I have a recording of the June 10, 2019 hearing that substantiates what I am stating. Apparently, the digital recording department at the Deland Court House informed me these hearings are not recorded or videoed. I can see why there is no recording, you were obviously trying to hide this incompetent ruling and wanted no evidence to contradict your written opinion and order. What is your motive? Near the end of the hearing you stated to everyone present "what do I do next"?

Aren't you the judge and you have to ask the attorney's what to do next? You allowed Wells to control every aspect of the courtroom.

Now let's turn the attention to the witness Michael Main. Main swore and signed the Will of 2007 as a witness. In November of 2018, Gorden and Wells initiated contact with Main approximately 12 years later to facilitate Main in recanting his witnessing of the 2007 Will. Now who is lying? Main swears to one legal document in 2007 and files an affidavit swearing to something different in 2018. Main is a close friend with Gorden who now with your misguided ruling has enabled, by his false testimony, his personal friends, Wells and Gorden to reap the economic benefit and control of approximately a 1.2-million-dollar estate of the decedent. Can you not comprehend Main has a clear motive because his documented close friend is now inheriting a substantial amount of money?

You give validity to Main and stated he is credible because you believe he referred to more details in his testimony. Could it be possible that Wells over the prolonged amount of time it took you to hear this case provided detailed preparation to Main for his so-called detailed answers? Do you remember the details of the first cases you presided over starting in 2006? Are you aware Wells is personal friends with Main and Gorden? Wells certainly will receive substantial economic gain for his services. Are you naïve or immune to the fact Gorden now has every opportunity to reward Main for his perjured testimony? Really illogical and suspect. Appears to be the best of all worlds for all the involved Yacht Club buddies, don't you think? I see you were one time named woman of the year at the Halifax Yacht Club. Congratulations on that award.

I was a long-time high school principal, and over the years trust me I have seen, lying, deceit scheming, trickery, half-truths, relentless greed, and so many flaws of human nature. I was fortunate over the years I developed a process to recognize "truth by omission" and know when the wool was being pulled over my eyes. I wish you had somehow demonstrated the same skill in this matter. My mother spent over 43 years of her life with Mr. McNairy ( pictures enclosed) and when they were of sound mind in 2007, and they made their joint decisions and choices on how to distribute their property and assets, it was not to allow some carpetbagger and rogue lawyer to attain the assets belonging to either of them. They both believed they had solid and valid Wills prepared by attorney Clower. According to your brilliant ruling the decedent paid Mr. Clower for an invalid Will in 2007. Makes perfect sense. I guess my mother's Will is invalid too because it was drafted by Mr. Clower and I must refund my economic inheritance to some unknow recipient of your choice, this logic is just as absurd and ridiculous as your July 5, order. Perhaps every Will attorney Clower has made is invalid. If I was attorney Clower I would be livid with your implications.

As eloquent and knowledgeable as you apparently think Wells is and the obvious bias you showed towards him at the hearing, he is no -where near the honorable man he masquerades to be. Why do you think a man like Wells, with any sense of integrity stated in the presence of others individual's my mother was 'just a girlfriend and the decedent didn't really care about her he had two other women? What kind of honorable man does such a thing? Fill in the blank for yourself. Her only fault is: dementia claimed her life eight months before her life-long companion, the decedent. You have robbed me of my rightful inheritance without the decency to grant me my day in court to contest the coerced and undue influence imposed on the decedent in drafting the Will of 2018. You have enabled Gorden to deny the decedent and my mother their desired wishes of their remains after their death. He has destroyed the memories of two lifelong companions and those that loved them. To exacerbate the issue Gorden took the decedent's ashes which denied my mother and her companion to have their ashes spread together

In the Halifax River per their wishes. Wells, in his callous manner suggested for me to give Gorden my mother's ashes and he would have them spread with the decedent's ashes. Unbelievable individuals.

One of my close friends has been elected numerous times to the same position that you currently as a circuit judge in Davidson County, Tennessee. I am thankful he applies common sense and would never make such an arbitrary fact less ruling based on something more than the 'witness knew where everyone was sitting'. Such a baseless ruling surly would adversely and unnecessarily punish someone entitled to an inheritance, as well as the attorneys he serves in his judicial district in Tennessee.

My former counsel Mr. Melvin Stack filed a motion for a rehearing. Which you have denied. I guess you will chalk this letter up to I am just another disgruntled losing client. I am far more than disgruntled; I am disgusted and know home cooking when I see it. In my opinion, you are an embarrassment to the judicial branch of government in state of Florida.

Furthermore, adding to the complete farce of this whole matter, the Will of July 6, 2018 states on page 2 item 3. The 98-year-old demented decedent attests he "has no living family and has no living relatives". For that reason, 'he has no beneficiaries to be cared for necessary distribution from this Trust. I have known my trustee (Gorden) for a long period of time (2 years) and he knows what I would want done'. Truth be told Gorden was a casual acquaintance that had morning coffee with the decedent that began after my mother's physical demise in 2016. Subsequently, Gorden took control of the decedent's life.

My mother and I have personally known the decedent for 40 years plus and I know for a fact the decedent did not want his estate settled in this manner. Also, I have verified by ancestry. com the decedent has 22 living relatives in Greensboro, North Carolina, his hometown, of which I have personally communicated with two first cousins and one second cousin. Why did Wells not even check to see if the decedent had any living relatives? The answer is obvious. For that matter why did the court not inquire with Wells if the decedent had any living relatives before awarding a 1.2-million-dollar estate to a bunch of conspiring, deceptive, and greedy individuals. You have allowed it. What a combination of buffoonery. A disgrace!

In closing, this is not over with me, as sure as the sun comes up each day, whoever you are accountable to, other than the voters, the Flordia Bar will hear my perception about this kangaroo court image. Circuit court judges in Flordia are apparently like Teflon; nothing sticks on them. The good thing about me not being in the legal profession and just a lay person, I have not had to restrict my dialogue to the legal vocabulary. I can do something that is not the apparent norm in your court; just TELL THE PLAIN TRUTH. I am 100% confident nothing will come of my dismay and public complaint in this matter, but what the hell, I am losing a 1.2 million-dollar estate that by all reasonable rights I am entitled; to a bunch of cronies and liars without ever be granted an opportunity to get to the heart of the issue in a court of law. I still have my integrity. I can accept my fate and live with your preposterous outrageous decision; Can you live with your decision? I guess this letter will have to be worth 1.2 million dollars. Try to think this through, clear your mind, it has certainly been fogged to this point. Have a good day.

Dr. Steven Chauncy

Copies: Jerry Wells, Mike Clower, Melvin Stack, Raul Zambrano

**admin asst**

| | |
|---|---|
| **From:** | Steve Chauncy <chauncys60@gmail.com> |
| **Sent:** | Wednesday, March 10, 2021 3:03 PM |
| **To:** | admin asst |
| **Subject:** | Re: Chauncy v. Main case #6:21-cv-00158-Orl-78-EJK |

To whom it concerns:
I understand the rules. Thank you for the offer to share the Pro Se handbook. I have access to the documents and read quite well.
The defendant/ has had 3 weeks ( February 24 to reply, please do not insult me by attempting to intimidate by what the 'court will or will not like'. I could convey to the court, your response is untimely, so would the court see your delay favorably? I in no way refused to speak to Attorney Morello, as implied. I am not obligated to jump at your beckon call. The due date of response to the court is March 24th. Accordingly, there is sufficient time for any response. Once again, you may send proposed dates for the mutually required phone conference. Thanks

SC

Sent from my iPhone

> On Mar 10, 2021, at 1:19 PM, admin asst <adminasst@fcmesq.com> wrote:
>
> Dear Mr. Chauncy,
>
> Please be informed that you have an obligation to speak with Mr. Morello before he files his Responsive Motion in Federal Court. Motion is due by the early part of next week. I have attached L. R. 3.01(g) for your review. The court will likely not look kindly on you refusal to speak to Mr. Morello pursuant to his obligations under Federal Rules. The call should last 10 minutes or less. I have also attached the Middle District's Pro Se Handbook for your reference.
>
> Thank you,
>
> Amber Dickens
> Administrative Legal Assistant to
> Frederick C. Morello Esq.
> Frederick C. Morello P.A.
> 111 N. Frederick Avenue 2nd Floor
> Daytona Beach, Fl 32114
> 386-252-0754
>
> **From:** Steve Chauncy [mailto:chauncys60@gmail.com]
> **Sent:** Wednesday, March 10, 2021 1:54 PM
> **To:** admin asst <adminasst@fcmesq.com>
> **Subject:** Re: Chauncy v. Main case #6:21-cv-00158-Orl-78-EJK
>
> Good afternoon, Ms. Dickens: I received your voicemail and e mail follow up relative to the Main Federal Law suit.

1

PENGAD 800-631-6989

**DEFENDANT'S EXHIBIT**
**3**

I understand and appreciate the request for Attorney Morello to speak with me by phone prior to initiating a motion to the court. Unfortunately, I have conflicts until after Tuesday, March 17, I am confident this temporary delay will allow Attorney Morello to adequately prepare for the zoom hearing against the HRYC in behalf of his client Dennis Lee Gorden, a close friend of the now defendant Michael Main. (Just a coincidence I am sure) the delay should provide sufficient time to research the ethical and professional responsibilities associated in this representation to discuss with Attorney Morello prior to any motion to the court on this matter. L.R. 3.01 (g),Feel free to propose any dates post March 17, and to set up a time for a brief phone conference with Attorney Morello. Have yourself a great day.

Kindest Regards,

Steven Chauncy

Sent from my iPhone


On Mar 10, 2021, at 11:03 AM, admin asst <adminasst@fcmesq.com> wrote:


Good Morning Dr. Chauncy,

       Mr. Morello has been retained to represent Mr. Michael Main in the federal case #6:21-cv-00158-Orl-78-EJK. Pursuant to federal rules, Attorney Morello and you must confer by telephone before he files a motion, pursuant to L.R. 3.01(g). Please let me know when is a good time to set up the conference for this afternoon.

Thank you,
Amber Dickens
Administrative Legal Assistant to
Frederick C. Morello Esq.
Frederick C. Morello P.A.
111 N. Frederick Avenue 2nd Floor
Daytona Beach, Fl 32114
386-252-0754

<Local Rule 3.01(g).pdf>
<Pro-Se-Handbook.pdf>